[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence April 21, 1995 Date of Application May 9, 1995 Date Application Filed May 21, 1995 Date of Decision March 26, 1996
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford.
Docket No. CR 94-82352;
Ronald F. Murphy, Esq., Defense Counsel, for Petitioner.
Edward Narus, Esq., Assistant State's Attorney, for the State.
Sentence Affirmed.
BY THE DIVISION:
The petitioner, then 25 years of age, was convicted following a plea of Nolo Contendere, of Larceny, 1st degree, § 53a-122
(a)(2), and Forgery, 3rd degree, § 53a-140 (a).
He was sentenced to a term of twelve years, execution suspended after five years, with a four year term of probation on the larceny count. He received a one year concurrent term on the forgery count, for a total effective sentence of twelve years, suspended after five years, with the probation to follow. CT Page 1598-C
The petitioner was employed by his brother's CPA firm from April 1992 to August 1994. During that time he stole 128 checks made out to the firm, deposited them in an account he opened in his brother's name and then withdrew the money from that account. The total amount stolen exceeded $101,000.
When he entered his pleas the petitioner was aware of a Court indicated probable sentence of twelve years, execution suspended after six years. He did, however, have the right to argue for less.
Petitioner's counsel argues the sentence is disproportionate to other sentences imposed for similar offenses.
The Division has consistently stated the difficulty of comparing individual sentencings. We have little, if any, way to know all of the many variables which go into the imposition of a particular sentence.
The petitioner was convicted (in the major crime) of a Class B felony. That is in the same category of crimes as robbery, 1st degree; rape, and serious physical assault. The sentence imposed was well within the range of sentences for Class B felonies and not even close to the maximum which the classification allows. Nor is it disproportionate to sentences imposed for larceny, 1st degree.
Petitioner also claims that because the victim disapproved of the petitioner's offer to make restitution he unfairly influenced the Court to impose a harsher sentence. The petitioner had obtained a trust agreement from his parents (also the parents of the victim), whereby a portion of the value of the parents home would be used to make a partial restitution. The victim believed the petitioner was using his parents to get out of his difficulty and was opposed to that approach.
The sentence imposed no condition of restitution.
The Division has reviewed this sentence pursuant to the provisions of Practice Book § 942. We find it is neither disproportionate nor inappropriate. The sentencing Court fully explained its reasoning in imposing the sentence and it imposed a sentence well within the parameters of sound and reasonable discretion. CT Page 1598-D
It is affirmed.
Klaczak, J.
Norko, J.
Stanley, J.
Klaczak, Norko and Stanley, J.s, participated in this decision.